IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAMON A. BUTLER,
                Plaintiff

    v.

PAYNE TRUCKING CO.;
CONWAY BEAM LEASING, INC.;
KLLM TRANSPORT SERVICES,
LLC doing business as KLLM
Logistics Services;
BRIGA TRANSPORT, INC.;
DADZ TRUCKING, INC.;
GUEBARA DELIVERY &
TRANSPORTATION
SERVICES, INC.; CAVANAUGH
TRUCKING, INC.; SWIFT
TRANSPORTATION SERVICES, LLC;
And FEDEX GROUND PACKAGE
SYSTEMS, INC., doing business
as FedEx Ground,
                Defendants

No. 3:24cv515

(Judge Munley)

## MEMORANDUM

Before the court for disposition in this case involving a multi-vehicle traffic accident are four motions to dismiss/motions for more definite statement. Each of the following defendants has filed one of the motions: Briga Transport, Inc.; KLLM Transport Services, LLC; Guebara Delivery & Transportation Services,

Inc.; and Swift Transportation Services, LLC. The parties have briefed their respective positions and the matters are ripe for disposition.

**Background[1]**

On March 28, 2022, Plaintiff Damon Butler operated a tractor trailer on Interstate 81 near mile marker 116 in Foster Township, Pennsylvania, when he observed a multi-vehicle accident ahead of him. (Doc. 1, Compl. ¶¶ 113-114). Plaintiff navigated his tractor trailer safely to the side of I-81. (Id. ¶ 115). Then, without warning, plaintiff's truck was violently struck by multiple vehicles owned and operated by the defendants. (Id. ¶¶ 116-124). Plaintiff claims to have been struck by nine different vehicles. (Id.)

Plaintiff alleges that he suffered serious permanent injuries from the accident including injury to his neck, back, shoulders, knees, hips, right wrist, right hand, head, and brain. (Id. ¶ 105). He also alleges that he suffers from Post Traumatic Stress Disorder and profound psychological and emotional loss. (Id.) Accordingly, he filed the instant negligence cause of action against the defendants. (See generally, Doc. 1, Compl.)

---

[1] These brief background facts are derived from plaintiff's complaint. At this stage of the proceedings, the court must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

In response to the complaint, the above-named defendants filed motions to dismiss under FED. R. CIV. P. 12(b)(6); motions for a more definite statement under FED. R. CIV. P. 12(e); and/or motions to strike under FED. R. CIV. P. 12(f).[2] The motions have been briefed, bringing the case to its present posture.

**Jurisdiction**

Plaintiff, a citizen of Louisiana, (Doc. 1, Compl. ¶ 1) asserts this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the citizenships of the plaintiff and defendants are completely diverse, and the amount in controversy exceeds $75,000.00. (Doc. 1, Compl. ¶ 110). As a federal court located in Pennsylvania and sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of Review**

   **Motion To Dismiss**

Defendants filed their motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most

---

[2] The remaining defendants have filed answers to the complaint except for Defendant Conway Beam Leasing, Inc., which has filed nothing although the docket indicates that it was served on August 7, 2024. (Doc. 65).

favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard

which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

**Discussion**

As noted, four defendants have filed motions. The court will address each defendant in turn.

5

## I. Defendant Briga Transport, Inc.'s Motions

Defendant Briga Transport, Inc. ("Briga") has filed a motion to dismiss pursuant to Rule 12(b)(6) and a motion for more definite statement pursuant to Rule 12(e). The court will analyze these motions separately beginning with the motion to dismiss.

### A. Briga's Motion To Dismiss

Count IV of plaintiff's complaint asserts a cause of action for "Negligence/Recklessness" against Defendant Briga based upon vicarious liability. In other words, plaintiff seeks to hold Defendant Briga liable for the actions of the truck driver it employed, Vasili Bekis. (Doc. 1, ¶¶ 141-150). Count XIII asserts a direct cause of action against Defendant Briga for "Negligent and/or Reckless Hiring/ Supervision/Retention of Vasili Bekis". (Id. ¶¶ 183-189). Both counts seek punitive damages against Defendant Briga, first vicariously for Bekis's actions and second for its actions in hiring, supervising, and retaining Bekis. Defendant Briga's motion to dismiss seeks dismissal of plaintiff's claims for punitive damages, alleging that plaintiff has not alleged sufficient facts to establish a facially plausible claim for such relief. The court disagrees.

Under Pennsylvania law, punitive damages are awarded "to punish the wrongdoers and to deter future conduct." Bert Co. v. Turk, 298 A.3d 44, 61 (Pa. 2023) (quoting Feingold v. SE Pa. Transp. Auth., 517 A.2d 1270, 1276 (Pa.

1986)). Accordingly, punitive damages "are awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others." Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097-98 (Pa. 1985). Reckless indifference is the conscious disregard of a risk known to the defendant or a risk "so obvious that he must ... have been aware of it, and so great as to make it highly probable that harm would follow." Evans v. Phila. Transp. Co., 212 A.2d 440, 443 (Pa. 1965). In evaluating the appropriateness of a punitive damages claim, the court must consider not only the offense itself, but also the circumstances surrounding it, including the wrongdoers' motives and the relationships between all the parties involved. Schwartz v. Rockey, 932 A.2d 885, 890 (Pa. 2007); see also Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984) (citing Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963)).

As noted, plaintiff seeks both vicarious liability and direct liability against Defendant Briga. The court will address the punitive damages claim for each theory of liability separately.

Punitive damages may be awarded against an employer for damage to a third party caused by an employee's reckless indifference. See Dillow v. Myers, 916 A.2d 698, 703 (Pa. Super. Ct. 2007). Thus, the question here is whether the plaintiff has sufficiently alleged reckless indifference on the part of Briga's truck driver. The court concludes that the plaintiff has made sufficient allegations to

support the claim for punitive damages. He alleges that the driver violated the Federal Motor Carrier Safety Regulations coupled with a conscious disregard for the safety and rights of others. Courts have held that such allegations are sufficient to support a claim for punitive damages, especially at this early stage of the proceedings. See, e.g., Burke v. TransAm Trucking Inc., 605 F. Supp. 2d 647 (M.D. Pa. 2009); Delamarter v. Couglar, No. 3:16cv665, 2016 WL 3951663 * 2 (M.D. Pa. July 21, 2016). The court agrees with the reasoning of these decisions from the Middle District of Pennsylvania.

Moreover, Federal District Courts have broad discretion to determine whether or not to dismiss a punitive damages claim at this stage of the proceedings.

> [A] Federal court may dismiss a completely bald allegation of "recklessness" as conclusory when requesting punitive damages in Pennsylvania. However, it is not compelled to do so. District Courts wield broad discretion in determining when dismissal is appropriate, and judges employ "judicial experience and common sense" to evaluate a complaint's allegations "in a realistic, rather than a slavish, manner." The weight of authority in this Circuit has prompted most courts, including this Court, to employ that discretion in favor of preserving recklessness claims at the Motion to Dismiss stage.

Guy v. Eliwa, 4:23cv412; 2023 WL 5916468 at *6 (M.D. Pa. Sept. 11, 2023) (citations and quotation marks omitted).

The court is persuaded that it would not be appropriate to dismiss the punitive damage claims at this time "because the question of whether punitive

8

damages are proper often turns on the [tortfeasor's] state of mind, this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record at trial [or summary judgment]." Id. (internal quotation marks and citation omitted). Accordingly, the vicarious liability punitive damages claim will not be dismissed.

The next issue is whether Count XIII's claim of punitive damages aimed at Defendant Briga for its own actions should be dismissed. The complaint alleges that Defendant Briga acted negligently in failing to properly train, monitor, and/or supervise its drivers; and in hiring and/or continuing to employ Bekis even though it knew or should have known that his violation of the FMCSA rendered him unfit to safely operate a commercial vehicle and that he had a propensity for violating the "Rules of the Road" and the FMCSR. The complaint contains many more allegations, approximately four and a half pages worth, regarding Defendant's negligence in employing Bekis. (Doc. 1, pg. 81-86). Defendant Briga's position is that the allegations are too conclusory to support the punitive damages claim. The court disagrees. Similar to the analysis of the punitive damages claim based upon vicarious liability, the court finds that the complaint has sufficient allegations to support the punitive damages claim at this stage of the proceedings. A ruling on whether punitive damages should be dismissed is best left until after discovery has been completed.

9

## B. More Definite Statement

Next, Defendant Briga moves for a more definite statement. A defendant may move for a more definite statement under Federal Rule of Civil Procedure 12(e). "Although the motion for a more definite statement continues to exist in Rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 797 (3d Cir.1967). "Motions for a more definitive statement are generally disfavored, and are used to provide remedies for unintelligible pleadings rather than as correction for lack of detail." CoorsTek Korea Ltd. v. Loomis Prods. Co., 586 F. Supp. 3d 331, 338 (E.D. Pa. 2022) (quotation marks and citation omitted).

A review of the complaint indicates that it is not so vague that an answering party will not be able to frame a responsive pleading. A section of the complaint is entitled "Operative Facts Common to All Counts". This section sets forth specifically the time and location of the accident in question, as well as the plaintiff's injuries. (Doc. 1, pg. 23-32). When the portions of plaintiff's complaint directly referring to Defendant Briga are read in conjunction with the sections of the complaint common to all defendants, clear allegations emerge. Defendant Briga should be able to frame a responsive pleading to these allegations.

Indeed, Defendant Briga points out that plaintiff has made similar allegations against all defendants. Four of the defendants, however, have filed answers to the complaint, indicating it is possible to draft a responsive pleading. Defendant Briga's motion for a more definite statement will be denied.[3]

## II. Defendant KLLM Transport Services LLC d/b/a KLLM Logistics Service's Motion

Counts III and Count XII of plaintiff's complaint are directed at Defendant KLLM Transport Services LLC doing business as KLLM Logistic Services ("Defendant KLLM"). Count III asserts a vicarious liability claim against Defendant KLLM based on the actions of its employee Sinclaire Griffin who drove one of the tractor trailers involved in the accident underlying this lawsuit. Count XII alleges direct liability against Defendant KLLM for employing Griffin as a truck driver. Both of these counts seek punitive damages. Defendant KLLM seeks the following in its motion to dismiss: 1) Dismissal of Counts III and XII; 2) Dismissal of claims of recklessness and punitive damages; 3) The striking of all claims that

---

[3] Defendant argues that portions of paragraph 142 and 189 comprising of approximately 26 subparagraphs should be stricken from the complaint for a lack of specificity. Rule 12(f) of the Federal Rules of Civil Procedures provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Thus, striking for lack of specificity is not covered by Rule 12(f). Defendant Briga does not claim that these paragraphs are immaterial, impertinent, or scandalous, but that they lack specificity. The court addressed the parties' arguments regarding specificity in the previous section. For those same reasons, the motion to strike portions of Defendant Briga's motion will be denied.

11

the defendant acted with recklessness; and 4) A more definite statement pursuant to Rule 12(e). The court will address each issue in turn.

### A. Dismissal of Counts III and XII

Initially, Defendant KLLM argues the Counts III and XII should be dismissed. Defendant KLLM argues that plaintiff has not alleged sufficient facts to demonstrate grounds for its entitlement to relief and that its claim for relief against KLLM is plausible. The court disagrees.

As explained more fully above, to survive a motion to dismiss the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

A review of the complaint reveals that plaintiff has sufficiently alleged a negligence claim against Defendant KLLM. The complaint alleges that an accident occurred on March 28, 2022 on Interstate 81 in Foster Township, Pennsylvania. Plaintiff alleges that he safely pulled his tractor trailer to the side of the road when several other tractor trailers, including one driven by Griffin for Defendant KLLM struck him. Plaintiff alleges that Griffin operated his tractor

trailer in a negligent, careless, and reckless manner. (Doc. 1, ¶ 140(e), pg 39). Among other allegations, plaintiff avers that Griffin traveled at an excessive speed under the circumstances and failed to operate the tractor trailer in accordance with the Federal Motor Carrier Safety Regulations. Accordingly, this portion of Defendant KLLM's motion will be denied.

### B. Claims of Recklessness and Punitive Damages

Next, Defendant KLLM argues that the recklessness and punitive damages claims should be dismissed. Defendant KLLM's position is that the complaint does not allege any facts that it acted in an outrageous fashion due to an evil motive or reckless indifference to the rights of others. The arguments raised by Defendant KLLM are similar to those raised by Defendant Briga and discussed in section I.A. above. The reasoning set forth in that section is applicable here. Accordingly, for the reasons set forth in section I.A., the recklessness/punitive damages claims will not be dismissed against Defendant KLLM.

### C. More Definite Statement

Next, Defendant KLLM moves for a more definite statement pursuant to Rule 12(e). This is the same issue raised by Defendant Briga in its motion and addressed above. For the same reasons that the court will deny Defendant Briga's motion on this point, the court will likewise deny Defendant KLLM's motion.

### III. Defendant Guebara Delivery & Transportation Services, Inc.'s Motion

Defendant Guebara Delivery & Transportation Services, Inc. ("Defendant Guebara") has also filed a motion to dismiss pursuant to Rule 12(b)(6), a motion to strike pursuant to Rule 12(e), and a motion for more definite statement pursuant to Rule 12(f).

Plaintiff's complaint avers that Defendant Guebara employed Michael E. Valentin ("Valentin") as a truck driver. He operated a tractor trailer owned by Defendant Guebara, and that tractor trailer was also involved in the accident at issue in the instant case. (See e.g., Doc. 1, ¶¶ 62-67). Counts VI and Count XV of plaintiff's complaint are directed at Defendant Guebara. Count VI asserts a vicarious liability claim against Defendant Guebara based on the Valentin's actions. Count XV alleges direct liability against Defendant Guebara for employing Valentin as a truck driver. Both counts seek punitive damages. Defendant Guebara seeks the following relief in its motion to dismiss: 1) Dismissal of Counts VI and XV; 2) Dismissal of claims of recklessness and punitive damages; 3) The striking of paragraphs 111 and 116 (misnumbered); and 4) A more definite statement pursuant to Rule 12(e).

Defendant Guebara's motion raises the same issues as raised in KLLM's motion. In fact, Guebara's brief in support of its motion is almost word for word

14

the same as the brief filed by Defendant KLLM. Because the issues and arguments are the same, the motion will be denied for the same reason that Defendant KLLM's motion was denied above.

## IV. Swift Transportation Co. of Arizona, LLC's Motion

Defendant Swift Transportation Co. of Arizona, LLC ("Defendant Swift") has also filed a motion to dismiss pursuant to Rule 12(b)(6), and for a motion definite statement pursuant to Rule 12(e).

The plaintiff's complaint alleges that Anthony J. Dominguez drove a tractor trailer that was involved in the traffic accident at issue. (Doc. 1, ¶ 75). The tractor trailer was owned by Defendant Swift, and he drove it as Swift's employee. (Id. ¶¶ 77-78). Count VIII of the complaint asserts a "negligence/recklessness" claim against Swift based on Dominguez's actions. Count XVII asserts a "negligent and/or reckless hiring/supervision/retention" claim against Defendant Swift regarding Dominguez. Both of these counts seek punitive damages against Defendant Swift. Defendant Swift moves to dismiss the claims for punitive damages and to strike certain paragraphs from the complaint as overly vague and ambiguous.

The plaintiff's punitive damages allegations against Defendant Swift are the same as the allegations against the other defendants. The parties' arguments regarding punitive damages are the same as set forth above regarding the other

defendants. Indeed, Defendant Swift's argument in its brief regarding the punitive damages claim is nearly word for word the same as that in Defendant Briga's brief. For the same reason that the court rejected these arguments as raised by Defendant Briga, the court will also deny Defendant Swift's request to dismiss the punitive damages claim.

The remainder of Defendant Swift's brief addresses its request to strike certain paragraphs from the complaint as overly vague and ambiguous. Again, the argument in its brief is nearly identical to the brief filed by Defendant Briga. For the reasons set forth herein with regard to this issue on Defendant Briga's motion, Defendant Swift's motion will be denied.

## Conclusion

For the reasons set forth above, the defendants' motions to dismiss, motions to strike, and motions for a more definite statement will be denied. An appropriate order follows.

Date: 3/18/25

JUDGE JULIA K. MUNLEY
United States District Court