**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAMON A. BUTLER,**<br>**Plaintiff,**<br><br>**v.**<br><br>**PAYNE TRUCKING CO.; G&C FOOD DISTRIBUTORS & BROKERS, INC. d/b/a G&C Foods; KLLM TRANSPORT SERVICES, LLC doing business as KLLM Logistics Services; CAVANAUGH TRUCKING, INC.; and FEDEX GROUND PACKAGE SYSTEM, INC., doing business as FedEx Ground,**<br>**Defendants.** | : | **No. 3:24cv515**<br><br>**(Judge Munley)** |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM ORDER**

On February 19, 2026, this court held a telephonic discovery conference and made oral rulings resolving discovery disputes between plaintiff and Defendant FedEx Ground Package System, Inc. ("FedEx") (Doc. 127). The court subsequently permitted the parties to file a motion to compel and motion for protective order, respectively, to further brief their positions. (See Docs. 126, 130, 131). The court has considered the parties' briefs and related filings. For the reasons stated below, the court will grant plaintiff's motion to compel and deny FedEx's motion for protective order.

"A trial court has wide discretion in discovery matters." Pittsburgh Terminal Corp. v. Balt. & Ohio R.R., 586 F. Supp. 1297, 1300 (W.D. Pa. 1984).

This discovery dispute centers on confidentiality, and whether FedEx should be granted a protective order as to certain matters. Federal Rule of Civil Procedure 26(c) allows, for good cause, the entry of a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In this circuit, courts consider the Pansy[1] factors to determine good cause for a protective order:

> (1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

Arnold v. Commonwealth of Pennsylvania, 477 F.3d 105, 108 (3d Cir. 2007) (citing Pansy, 23 F.3d at 783).

The court considers most of these factors at the outset. FedEx is not a public entity or official. As stated at the discovery conference, however, the court believes the discovery sought is relevant to plaintiff's claims against FedEx. The information sought may be important to public safety by virtue of the subject matter, highway safety. Unsettled claims exist in this matter, so the sharing of the requested information can promote fairness and efficiency. See Arnold, 477

---

[1] Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).

F.3d at 110. The court considers these matters important to the public to the extent they concern highway safety.

These considered factors weigh slightly in favor of denying the motion for protective order. The court will consider the factors related to privacy and embarrassment within the discussion below.

## I. Documents Related to Transportation Service Provider Agreement

FedEx argues that the first tranche of requested discovery, described at the discovery conference as the documents stemming from the transportation service provider agreement, (see Doc. 127 at 4:5-8), demand a confidentiality order because they are trade secrets. See FED. R. CIV. P. 26(c)(1)(G).

The court applies Pennsylvania law to determine "what constitutes a trade secret." Smith v. BIC Corp., 869 F.2d 194, 199 (3d Cir. 1989).

> Pennsylvania courts have adopted the definition of trade secret found in Comment b to the Restatement of Torts § 757 (1939) which provides:
>
> A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers.

Id. (quoting SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1255 (3d Cir. 1985)). In SI Handling, the Third Circuit discussed several factors which should be considered in concluding whether certain information is a trade secret:

> (1) the extent to which the information is known outside of the owner's business; (2) the extent to which it is known by employees and others involved in the owner's business; (3) the extent of measures taken by the owner to guard the secrecy of the information; (4) the value of the information to the owner and to his competitors; (5) the amount of effort or money expended by the owner in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

753 F.2d at 1256 (citation omitted).

Zeroing in on the first and third factors, the court is persuaded by plaintiff's argument that because FedEx willingly and publicly produces these types of documents in other lawsuits, an argument that they should now be confidential fails. (See, e.g., Doc. 127 at 33:15-22). FedEx continues to argue that the fact of disclosure in some lawsuits does not create a blanket waiver of confidentiality. (Doc. 135 at 10). It cites West Short Home, LLC v. Graeser, 661 F. Supp. 3d 356 (M.D. Pa. 2023), in support. Id. In West Short Home, the court held that purposefully disclosing information pursuant to a confidential consulting relationship or private negotiations "does not extinguish their protections as trade secrets." 661 F. Supp. 3d at 373. That is not the situation here. FedEx's willful, public disclosure of these documents in other jurisdictions weighs against finding them to be a trade secret here. As to factor six, the ease of obtaining this information, plaintiff demonstrates that simply performing a Google search reveals websites featuring documents of a kind with those sought here. (See Doc. 135 at 10–11). FedEx argues that it does not maintain those websites, but

that does not matter. FedEx also argues that costing and pricing are precisely the type of information protective orders are meant to shield. Id. at 9. But the court is not persuaded that FedEx's competitors will be making costing or pricing decisions based on FedEx's agreement from years ago with one service provider. The documents must be produced with no protective order.

## II. VEDR Footage

Plaintiff seeks 120-200 hours of forward-facing and driver-facing video event data recorder ("VEDR") footage prior to the crash. FedEx argues that the driver-facing VEDR footage should be subject to a confidentiality order because not doing so may violate the driver's privacy or cause embarrassment. (Doc. 135 at 12–13). But as the court held at the discovery conference, drivers are aware of and consent to these inward-facing cameras. So, they can realistically have no expectation of privacy when they are in front of them. (Doc. 127 at 29:14-22).

FedEx also objects on proportionality grounds to producing 120-200 hours of footage, because "[t]his is not a case in which additional video footage from the hours, days, or week prior to the [a]ccident would even arguably reveal conduct contributing to this weather-related incident." (Doc. 135 at 15). FedEx argues such extended footage "would . . . be cumulative as to whether [the driver] was engaged in negligent conduct prior to, and at the time of, the impact." Id. at 16. But plaintiff is seeking the extended footage to discover evidence not

only of the driver's negligence, but of FedEx's—for failing to act on the driver's prior unsafe behavior per its agreement with the service provider. (Doc. 127 at 24:7-15; see also Doc. 89 at 61–66). To that end, the discovery is relevant for the duration available. FedEx argues undue burden because of the time counsel will spend redacting confidential or nonresponsive footage. (Doc. 135 at 17). But the requested footage is entirely responsive and not confidential, so there will be no burden in that regard. The court also rejects FedEx's legal theory that the footage is part of the driver's personnel file. Id. at 13. FedEx must produce the footage with no protective order, and no redaction.

## III. Video Footage of Coaching and Triggering Events and Advanced Driver System Data for the 48 Hours Prior to the Crash

FedEx argues it "is not in possession of any coaching or triggering events for service providers, including WTI." (Doc. 135 at 18). The court presumes FedEx is familiar with Rule 34's command that it must produce documents not only in its possession, but also in its custody or control. FED. R. CIV. P. 34(a)(1). If the video footage is in FedEx's possession, custody or control, it must produce it.

Similarly, it does not matter that "FedEx Express does not own the tractor involved in the accident." (Doc. 135 at 19). If the advanced driver system data for the 48 hours prior to the crash is in FedEx's possession, custody, or control, FedEx must produce it.

## IV. Business Discussion Records

FedEx argues that the "business discussion records for the service provider . . . were not requested in Plaintiff's Requests for Production of Documents." (Doc. 135 at 18). While a keyword search of the requests for production, (Doc. 135-3), does not reveal the term "business discussion records," plaintiff has previously notified this court that such records are part of the information requested from the "Contractor Data Analysis System (CDAS) utilized by FedEx." at RFP 52. (Doc. 119 at 15; see also Doc. 135-3 ¶ 52). FedEx must produce the records.

## V. Six Months of Driver Logs

FedEx argues that six months of driver's logs is not proportional or relevant, because plaintiff "has not alleged that prior to the accident, [the driver] was out of compliance with any federal regulations, such as operating his vehicle in excess of the hours-in-service limitations." (Doc. 132 at 20). The court finds ample support in the amended complaint for such allegations. See Doc. 89 ¶ 159 (alleging FedEx continued to employ Martin despite his "violation of the FMCSA hours of service," his "propensity for driving violations," and his "propensity for violating the 'Rules of the Road' and FMCSR."); id. ¶¶ 90–92 (alleging defendants' knowledge of their drivers' poor records and propensity for unsafe driving).

FedEx argues that six months is greater than the amount of time "a driver is required to retain logs." (Doc. 132 at 20 (citing 49 C.F.R. § 395.8(k)(2)). That regulation does not inform whether a document is discoverable. That inquiry is governed by the Federal Rules of Civil Procedure. The driver's logs must be produced as requested.

For the reasons stated herein and at the discovery conference, it is hereby **ORDERED** that:

1) Plaintiff's motion to compel Rule 26 disclosures, (Doc. 130), is **GRANTED** in its entirety; and
2) FedEx's motion for protective order, (Doc. 131), is **DENIED**.

**Date:** 9/4/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**